DMP:MEL
F.#2015R02002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1:20-cr-00502 (BMC)(RML)

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FAWAZ OULD AHMED OULD
AHEMEID,
    also known as "Ibrahim Idress" and
    "Ibrahim Dix,"

               Defendant.

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 844(c)(1), 844(h)(1),
844(h)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1),
924(j)(1), 981(a)(1)(C), 981(a)(1)(G),
982(a)(2), 2332(a)(1), 2339B(a)(1), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Murder of Anita Ashok Datar)

      1.     On or about November 20, 2015, within the extraterritorial jurisdiction of

the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as

"Ibrahim Idress" and "Ibrahim Dix," together with others, did knowingly and intentionally kill

Anita Ashok Datar, a national of the United States, while such national was outside the United

States, which killing was a murder as defined in Title 18, United States Code, Section 1111(a).

      (Title 18, United States Code, Sections 2332(a)(1), 2 and 3551 et seq.)

<u>COUNT TWO</u>
(Brandishing and Discharging a Firearm During a Crime of Violence)

      2.     On or about November 20, 2015, within the extraterritorial jurisdiction of

the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as

"Ibrahim Idress" and "Ibrahim Dix," together with others, did knowingly and intentionally use

2

and carry one or more firearms during and in relation to a crime of violence, to wit: the crime

charged in Count One, and did knowingly and intentionally possess such firearms in furtherance

of said crime of violence, which firearms were brandished and discharged, one or more of which

firearms was a machinegun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

COUNT THREE
(Causing the Death of Anita Ashok Datar Through the Use of a Firearm)

3.      On or about November 20, 2015, within the extraterritorial jurisdiction of

the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as

"Ibrahim Idress" and "Ibrahim Dix," together with others, in the course of a violation of Title 18,

United States Code, Section 924(c), to wit: the crime charged in Count Two, did knowingly and

intentionally cause the death of a person through the use of a firearm, which killing was a murder

as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with

others, with malice aforethought, did unlawfully kill and cause the killing of Anita Ashok Datar

willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

4.      In or about and between February 2008 and April 2016, both dates being

approximate and inclusive, within the extraterritorial jurisdiction of the United States, the

defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and

"Ibrahim Dix," together with others, did knowingly and intentionally conspire to provide

material support and resources, as defined in Title 18, United States Code, Section 2339A(b),

including property, services and personnel, including himself and others, to foreign terrorist

organizations, to wit: (1) al-Qaeda in the Islamic Maghreb ("AQIM"), which at all relevant times

was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section

219 of the Immigration and Nationality Act, and (2) al-Murabitoun, which at all relevant times

was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section

219 of the Immigration and Nationality Act, knowing that AQIM and al-Murabitoun were

designated foreign terrorist organizations and that AQIM and al-Murabitoun had engaged in and

were engaging in terrorist activity and terrorism, and the offense occurred in and affected

interstate and foreign commerce and the offense resulted in the death of one or more persons.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

COUNT FIVE
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

5.      In or about and between February 2008 and April 2016, both dates being

approximate and inclusive, within the extraterritorial jurisdiction of the United States, the

defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and

"Ibrahim Dix," together with others, did knowingly and intentionally provide and attempt to

provide material support and resources, as defined in Title 18, United States Code, Section

2339A(b), including property and personnel, including himself and others, to a foreign terrorist

organization, to wit: (1) AQIM, which at all relevant times was designated by the Secretary of

State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and

Nationality Act, and (2) al-Murabitoun, which at all relevant times was designated by the

Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration

and Nationality Act, knowing that AQIM and al-Murabitoun were designated foreign terrorist

4

organizations and that AQIM and al-Murabitoun had engaged in and were engaging in terrorist

activity and terrorism, and the offense occurred in and affected interstate and foreign commerce

and the offense resulted in the death of one or more persons.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT SIX
(Use of Explosives)

6.      In or about and between August 2015 and November 2015, both dates

being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the

defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and

"Ibrahim Dix," together with others, did knowingly and intentionally use one or more explosives,

to wit: grenades, to commit one or more felonies, to wit: the crimes charged in Counts One, Four

and Five, which felonies may be prosecuted in a court of the United States, and did knowingly

and intentionally carry such explosives during the commission of said felonies.

(Title 18, United States Code, Sections 844(h)(1), 844(h)(2), 2 and 3551 et

seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE AND COUNTS FOUR THROUGH SIX

7.      The United States hereby gives notice to the defendant that, upon his

conviction of any of the offenses charged in Count One and Counts Four through Six, the

government will seek forfeiture in accordance with: (a) Title 18, United States Code, Sections

981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), which require any

person convicted of such offenses to forfeit any property, real or personal, constituting, or

derived from, proceeds obtained directly or indirectly as a result of such offenses; (b) Title 18,

United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c),

5

which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government; and (c) Title 18, United States Code, Section 844(c)(1), which requires any person convicted of such offenses to forfeit any explosive materials involved or used or intended to be used in any violation of law.

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

6

      (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 18, United States Code, Sections 844(c)(1), 981(a)(1)(C), 981(a)(1)(G), and 982(a)(2); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TWO AND THREE

      9.     The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922 and 924.

      10.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided without difficulty;

7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#2015R02002
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*FAWAZ OULD AHMED OULD AHEMEID*
*also known as "Ibrahim Idrees" and "Ibrahim Dix,"*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 844(e)(1), 844(h)(1), 844(h)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1), 924(d)(1), 981(a)(1)(C), 981(a)(1)(G),
982(a)(2), 2332(a)(1), 2339B(a)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

*A true bill.*

_____
Monique Poster            *Foreperson*

_____

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____
*Margaret Lee, Assistant U.S. Attorney (718) 254-6205*