UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   UNITED STATES OF AMERICA            :

                - against -                    :   **MEMORANDUM DECISION AND ORDER**

   FAWAZ OULD AHMED OULD        :   20cr502(BMC)
   AHEMEID,

                  Defendant.    :
----------------------------------------------------------- X

**COGAN**, District Judge.

     This case is before the Court on defendant's motion to seal, or in the alternative redact, a letter written *pro se* by defendant, filed publicly on the docket on January 15, 2025. The letter concerns defendant's unhappiness with, and desire to terminate from his case, all attorneys and staff members working for the Federal Defenders of New York. The Court granted the Federal Defenders' motion to withdraw on December 19, 2025. Although defendant wrote his letter requesting the Federal Defenders' termination on December 18, 2025, it was only received by the Court when it was filed publicly on the docket on January 15, 2025. Defense counsel did not request that the letter be filed under seal until the parties' next status conference, held almost a month later on February 12, 2025.

     "Required by the First Amendment is a balancing of 'the public's right of access against the privacy and fair trial interests of defendants, witnesses and third parties.'" United States v. Munir, 953 F. Supp. 2d 470, 474 (E.D.N.Y. 2013) (quoting United States v. Gerena, 869 F.2d 82, 85 (2d Cir. 1989)). "Availability to the public of judicial documents under the common law must be balanced against countervailing factors such as the danger of impairing law enforcement

or judicial efficiency and privacy interests of the defendant and innocent third parties." Id. at 475 (internal quotation marks and quotation omitted).

The Local Criminal Rules for the United States District Courts for the Southern and Eastern Districts of New York have balanced the public's right of access and a defendant's privacy interest in submitting concerns about the adequacy of his representation, and have found that such submissions are to be made publicly. Local Criminal Rule 49.2 provides that documents submitted by represented defendants, acting *pro se*, are to be filed *ex parte* and under seal, *except* when such documents are "motion[s] to proceed pro se or . . . submission[s] concerning the adequacy of counsel's representation." Loc. Cr. R. 49.2(c). Even when a represented defendant makes a submission that contains information about the adequacy of his counsel and "other matters," it is only the portions "unrelated to the adequacy of counsel's representation" that must be filed *ex parte* and under seal. Loc. Cr. R. 49.2(d).

As reflected in the 2025 Committee Note to Local Criminal Rule 49.2, this rule was written for the purpose of, *inter alia*, "protect[ing] defendants from unwittingly disclosing information that is privileged or making statements that could be used against the defendant in the case." Even explicitly contemplating this important interest, the rule includes a carve-out for submissions concerning a defendant's concerns about the adequacy of his representation. This makes plain that such submissions, unlike others filed by represented defendants, are not to be filed *ex parte* and under seal.

The Court therefore denies defendant's motion to seal, or in the alternative redact, defendant's letter filed on January 15, 2025.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 19, 2025