UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
   UNITED STATES OF AMERICA         :
                                                     :
              - against -                 :    **MEMORANDUM DECISION AND**
                                                     :    **ORDER**
                                                     :
   FAWAZ OULD AHMED OULD          :    20-cr-502 (BMC)
   AHEMEID,
                                                     :
                                      Defendant.    :
---------------------------------------------------------- X

**COGAN**, District Judge.

      Defendant Fawaz Ould Ahmed Ould Ahemeid is charged in a six-count indictment with crimes related to his alleged activities on behalf of the foreign terrorist organizations al-Qaeda in the Islamic Maghreb ("AQIM") and al-Murabitoun. The indictment alleges that defendant planned and was involved in three terrorist attacks against Western targets in Mali: (1) the March 7, 2015 attack on the La Terrasse restaurant in Bamako, Mali in which five people were killed; (2) the August 7, 2015 attack on the Hotel Byblos in Sevare, Mali, in which thirteen people, including five United Nations workers, were killed; and (3) the November 20, 2015 attack on the Radisson Blu Hotel in Bamako, Mali, in which 20 people were killed, including U.S. citizen Anita Ashok Datar. Defendant was incarcerated at Direction Générale de la Sécurité d'Etat ("DGSE") in Bamako, Mali from April 2016 through December 2022 before being extradited to the United States.

      This case is before the Court on defendant's motion to compel the production of eight categories of discovery. Pertaining to all of these requested categories, defendant requests that the Government learn of, obtain, and disclose any discoverable evidence collected by foreign governments with which the Government conducted a joint investigation into defendant.

Defendant acknowledges that the Government need only produce the discovery over which it has possession, custody, or control, and "in the case of joint investigations with a foreign government, the government's duty in obtaining materials in the possession of a foreign government is limited to making a 'good-faith effort' to obtain the sought-after documents." See United States v. Connolly, No. 16-cr-370, 2017 WL 945934, at *8 (S.D.N.Y. March 2, 2017). Defendant even concedes that "the Government has turned over a significant amount of discovery obtained from foreign governments thus far." However, according to defendant, this is not enough. Defendant requests that the Government "learn[ ] of *any* favorable evidence known to the other[ foreign governments] who [were] party to this joint investigation, as required by Kyles v. Whitley, 514 U.S. 419, 437 (1995), and United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998)."

The Government represents that it "did not conduct a joint investigation with any foreign government into the defendant's multiple terror attacks overseas." Accordingly, it asserts that it only needs to produce the discovery in its own possession, custody, or control. Even so, the Government represents that it "has made a good faith effort to obtain foreign evidence" by sending "multiple legal requests to foreign governments for information related to the defendant and has produced to the defense the evidence it received in response."

Defendant's argument boils down to the fact that he does not believe the Government when it says it has made a good faith effort to obtain evidence from foreign governments. Defendant takes issue with the fact that the Government "has not expressly represented that it has met its specific obligation of learning of *any* favorable evidence known to the others who [were] party to this joint investigation." However, it appears to the Court that the Government has done just that: it sent multiple requests for information related to defendant to foreign

2

governments and produced the evidence it received in response to defendant. It is unclear what else the Government can or should do, considering "the Government cannot compel . . . foreign sovereign[s]" to produce discovery. Connolly, 2017 WL 945934, at *8.

Absent any suggestion of bad faith or withholding discoverable material, the Court declines to reject the Government's assertion that it has acted in good faith in obtaining discoverable material from foreign governments. Cf. United States v. Stergo, No. 23-cr-20, 2023 WL 3451381, at *4 (S.D.N.Y. May 15, 2023) ("Where the Government makes such good-faith representations that it has complied with its Brady/Giglio obligations, courts generally decline to compel production absent a reason to doubt the Government's representation." (collecting cases)).

Turning to the specific categories of discovery defendant has requested, the Government has confirmed for several of these categories that it has produced all the discoverable material of which it is aware, and that if it identifies additional discoverable materials, it will timely produce such materials as well. These categories include mirror image copies of all electronic devices that have been seized and searched in this case; all statements made by alleged co-conspirators, indicted or otherwise; documents, reports, information, or physical evidence relating to the Hotel Byblos attack; search warrants and chain of custody documentation; and experts, their reports, and underlying records. The Court thus finds that the Government has already complied with defendant's motion to compel these categories of discovery, and his motion is denied as moot as to them.

This leaves three categories of discovery for which the Government has not represented that it has complied with its obligations under Federal Rule of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963).

First, defendant requests "[t]he names, addresses, telephone numbers, and statements of those persons with whom the Government has spoken and who may have some knowledge of the facts of this case but will not testify as witnesses for the Government at trial." Defendant contends that defense counsel should get to determine whether these unidentified witnesses are potential sources of discoverable information, not the Government. Generally, "the Government is not obligated to provide the names of all potential witnesses it does *not* intend to call at trial." United States v. Roberts, No. 01-cr-410, 2001 WL 1646732, at *14 (S.D.N.Y. Dec. 17, 2001). Of course, to the extent any of this requested information must be produced pursuant to Rule 16 or Brady, because it is favorable to defendant and material to his guilt or punishment, defendant is entitled to such discovery. But it is "the Government's responsibility," not the Court's or defendant's, "to determine whether it is in possession of Brady material." United States v. Nance, 168 F. Supp. 3d 541, 550 (W.D.N.Y. 2016) (citing Kyles, 514 U.S. at 437). Defendant's motion to compel the identity, contact information, and statements of people with knowledge of the facts of the case but who the Government will not call at trial, is granted to the extent such information is considered Rule 16 or Brady material, according to the Government, and is otherwise denied.

The second unresolved category of discovery defendant requests is "[f]oreign law enforcement and prior custody records." These requested records include "documentation regarding Mr. Ahemeid's capture and detention in Mali, property vouchers for any seized items, and any memorialized basis for why the United States government waited seven years between Mr. Ahemeid's arrest in Mali and his subsequent indictment in the United States," "the conditions of confinement at DGSE, the methods of interrogation, 'enhanced interrogation,' and/or torture Mr. Ahemeid was subjected to at DGSE, and the United States government's role

4

in Mr. Ahemeid's interrogation," and "complete DGSE records, including medical [and] custody and . . . records from any and all overseas facilities, including those in Cote D'Ivoire, where Mr. Ahemeid was taken or held." To the extent these requested records are in the possession of foreign governments, and the Government has requested such records and turned over what it received, the Government has complied with its discovery obligations. Considering such records over which the Government itself has possession, custody, or control, the Government must comply with its Rule 16 and Brady obligations. The Government shall produce such records that are in its possession, custody, or control and that are favorable and material to defendant's guilt or punishment.

Third, defendant requests "[a] copy of all original notes and memoranda (whether handwritten or otherwise) that may have been made by an investigating agent in this case." Additionally, "[i]f such notes and memoranda were once in existence but have now been destroyed," defendant requests "the purpose and exact information surrounding their destruction . . . in complete detail." Finally, defendant requests English translations of these documents that have already been produced and that will be produced. As noted above, the Government has satisfied its discovery obligations as to such records that are in the possession of foreign governments. If there remain any such documents that have not yet been produced in the Government's possession, custody, or control that are favorable to defendant and material to his guilt or punishment, the Government shall produce them. This includes explanations of any such documents' destruction "to the extent the materials lost or destroyed would be discoverable under Ruled 16 or this opinion" because "[t]he government has not specifically responded to this request." United States v. Taylor, 707 F. Supp. 696, 705 (S.D.N.Y. 1989).

5

As for defendant's request for English translations, the Government is ordered to produce any English translations it has already prepared, but the Government is not required to create translations of documents for the purpose of defendant's use. Compare United States v. Mosquera, 816 F. Supp. 168, 177 (E.D.N.Y. 1993) ("Where documents are translated by the government . . . they shall be shared without charge with all defendants whether or not privately represented.") with United States v. Oztemel, No. 23-cr-26, 2024 WL 2701683, at *1 (D. Conn. May 24, 2024) ("neither Rule 16 nor Brady requires the Government to prepare and produce translations of materials it does not intend to offer at trial").

The Court notes that it is simply requiring the Government to comply with its Rule 16 and Brady obligations. To the extent defendant is moving to compel discovery beyond that required by Rule 16 and Brady, the motion is denied. Defendant has not identified what more he is entitled to, or why such additional discovery is necessary here. Moreover, if the Government contends that any of the discovery that must be produced pursuant to this Order is classified, the production of such discovery will be determined pursuant to the ongoing CIPA process in this case, and the Government need not produce it now.

The Court therefore grants in part and denies in part defendant's motion to compel.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
July 16, 2025