UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
  UNITED STATES OF AMERICA,

                              Plaintiff,

                - against -

  FAWAZ OULD AHMED OULD
  AHEMEID,

                            Defendant.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cr-502 (BMC)

**COGAN**, District Judge.

This is an international murder case. Defendant stands already convicted and sentenced to death by a Malian court for the same conduct the Government is now prosecuting. Earlier this year, the Government reopened (and has yet to close) the issue of whether it, too, will seek the death penalty.[1] Meanwhile, funding under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), on which defense counsel relies, lapsed weeks ago, and the entire federal government is currently shut down.

Nonetheless, the Government wants to proceed, full speed ahead. The defense, on the other hand, believes its investigation has been stymied and, although counsel has been able to front the costs until now, proceeding further would be untenable. Counsel has made a strong showing that they are simply tapped out.

---

[1] The Government's decision to revisit its no-seek decision apparently stems from a "nationwide directive from Attorney General Pamela Bondi to review every decision not to seek the death penalty made under the prior administration." United States v. Suarez, No. 24-cr-0226, 2025 WL 2710094, at *1 (N.D. Cal. Sept. 23, 2025). The Court notes, however, that every case to address the issue has stricken the subsequently filed notice of intent to seek the death penalty. See, e.g., United States v. Constanza-Galdomez, 787 F. Supp. 3d 131, 141 (D. Md. 2025); United States v. Spurlock, 782 F.Supp.3d 987 (D.Nev. 2025); United States v. Merrell, No. 20-cr-046-1, 2025 WL 2911170 (N.D. W. Va. Oct. 7, 2025); United States v. Dangleben, 23-cr-0072, 2025 WL 2647195 (D.V.I. Sept. 15, 2025); United States v. Cole, 23-cr-0016, 2025 WL 2592515 (D.V.I. Sept. 7, 2025); Suarez, supra.

Although the Constitution demands more for a capital defendant because "death is different", see Harmelin v. Michigan, 501 U.S. 957, 994 (1991), the Sixth Amendment has never demanded that an attorney work without compensation and personally shoulder the costs associated with providing a defense. But that is exactly what defense counsel has been doing here for months. Each of defendant's attorneys is a solo practitioner with little or no source of funding outside of the CJA and, as expected, this is not the only case for which counsel has been shouldering the costs. Because of the lapse, defendant's attorneys have personally fronted several hundreds of thousands of dollars in costs that have been "deferred indefinitely."

The funding lapse warrants the partial stay that defendant seeks. Accordingly, the deadline for defendant's Rule 12(b)(3)(A)(ii)-(iii) and 12(b)(3)(C) motions, and trial, are stayed until CJA funding has been restored and all deferred funds have been dispersed. The Court will thereafter schedule a conference to determine whether and to what extent the stay must be extended to account for the Government's death penalty decision and completion of defense counsel's investigation.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      November 7, 2025